By the Court.—Curtis, J.
The tendency of the administration of justice is to relieve from forfeitures. Equity has always sought to mitigate the harshness and severity of the common law. The undenied statements on which this application is addressed to the court, the magnitude of the forfeiture attempted to be enforced, the importance of the interests at stake, the *544 relative characters, capacities, and intentions of the parties, and their respective claims to the equitable consideration of the court, are all matters that are presented in this application.
If, as it appears to be, this case was in part decided at the general term adversely to the plaintiff, upon a point not raised or discussed there, a question as to the equities of his mode of applying to the court for relief from the forfeiture ; then, it appears to me, that he should have an opportunity of presenting the additional evidence of his good faith and the equities of his position, as urged by this application. When a suitor of slender capacity, and advanced in years, seeks to be relieved from a most onerous forfeiture, upon such terms as to the court may seem equitable, and as it may impose, unless he has taken a position or performed acts, depriving himself of all claim to equitable consideration, the court will be disposed to hear his application and in all proper cases extend the relief prayed upon suitable terms.
The plaintiff sought relief by bill in equity, instead of by motion to set up his equities by a supplemental answer ; and as the question respecting the fairness and. propriety of his course in this respect was not raised or discussed at the general term, but was presented in its decision as a prominent ground for debarring him of his relief, and as he now applies upon verified statements that are uncontradicted, alleging that upon a new trial he can'show that he acted in good faith and fairness, and upon the advice of able counsel, and upon what they believed to be the settled practice of this court, it is but just and in accordance with equity that he should have such an opportunity. When he places himself in the hands of the court to be relieved of the heavy forfeiture consequent upon his errors, or his infirmities and mistakes, and upon their own terms as to what he shall be compelled in equity to do as a *545 condition for this relief, he should have an opportunity by proofs and arguments to present his position, and protect it from a new and undiscussed difficulty.
There can be no injustice or wrong result to the defendant from this course. The court can relieve him from all loss that may occur from costs or delay, in case they relieve from the forfeiture.
There are substantial reasons why a reargument should not be ordered, and it is a sufficient one, that the plaintiff has a remedy by appeal; but the ordering of a new trial instead of dismissing the complaint after reversing the judgment, seems more in accordance with usage, and in this case under the circumstances shown, especially, a just and proper course to be pursued.
I think the order of the general term should be amended by granting a new trial, instead of dismissing the complaint.